DocuSign Envelope ID: A7DCC336-8A2B-4706-884C-F361AA151B1C

**EXHIBIT**
**1**

Recuved 4-15-24

**U.S. Department of Justice**
Bureau of Alcohol, Tobacco, Firearms and Expl

**Final Notice of Denial of Application, Revocation Suspension and/or Fine of Firearms License**

In the matter of:

☐ The application for license as a/an _____, filed by:

or

☑ License Number  J-56-38601 _____ as a/an

Pawnbroker in Firearms Other Than Destructive Devices _____, issued to:

Name and Address of Applicant or Licensee *(Show number, street, city, state and Zip Code)*

Pawn USA Inc.
5001-4 Main Street
Shallotte, NC 28459

Notice is Hereby Given That:

☐ A request for hearing pursuant to 18 U.S.C. § 923(f)(2) and/or 922(t)(5) was not timely filed. Based on the findings set forth in the attached document, your

  ☐ license described above is revoked pursuant to 18 U.S.C., 923(e), 922(t)(5) or 924(p), effective:

    ☐ 15 calendar days after receipt of this notice, or ☐ _____ .

  ☐ license is suspended for _____ calendar days, effective _____, pursuant to 18 U.S.C. § 922(t)(5) or 924(p).

  ☐ licensee is fined $ _____, payment due: _____, pursuant to 18 U.S.C. § 922(t)(5) or 924(p).

☑ After due consideration following a hearing held pursuant to 18 U.S.C. § 923(f)(2) and/or 922(t)(5), and on the basis of findings set out in the attached copy of the findings and conclusions, the Director or his/her designee concludes that your

  ☐ application for license described above is denied, pursuant to 18 U.S.C., 923(d).

  ☐ application for renewal of license described above is denied pursuant to 18 U.S.C. 923(d), effective:

    ☐ 15 calendar days after receipt of this notice, or ☐ _____

  ☑ license described above is revoked pursuant to 18 U.S.C., 923(e), 922(t)(5) or 924(p), effective:

    ☑ 15 calendar days after receipt of this notice, or ☐ _____

  ☐ license is suspended for _____ calendar days, effective _____, pursuant to 18 U.S.C. § 922(t)(5) or 924(p).

  ☐ licensee is fined $ _____, payment due: _____, pursuant to 18 U.S.C. § 922(t)(5) or 924(p).

If, after the hearing and receipt of these findings, you are dissatisfied with this action you may, within 60 days after receipt of this notice, file a petition pursuant 18 U.S.C. § 923(f)(3), for judicial review with the U.S. District Court for the district in which you reside or have your principal place of business. If you intend to continue operations after the effective date of this action while you pursue filing for judicial review or otherwise, you must request a stay of the action from the Director of Industry Operations (DIO), Bureau of Alcohol, Tobacco, Firearms and Explosives, at  3600 Arco Corporate Drive, Suite 500, Attention DIO, Charlotte, NC 28273

prior to the effective date of the action set forth above. You may not continue licensed operations unless and until a stay is granted by the DIO.

Records prescribed under 27 CFR Part 478 for the license described above shall either be delivered to ATF within 30 days of the date the business is required to be discontinued or shall be documented to reflect delivery to a successor. See 18 U.S.C. 923(g)(4) and 27 CFR § 478.127.

After the effective date of a license denial of renewal, revocation, or suspension, you may not lawfully engage in the business of dealing in firearms. Any disposition of your firearms business inventory must comply with all applicable laws and regulations. Your local ATF office is able to assist you in understanding and implementing the options available to lawfully dispose of your firearms business inventory.

ATF Form 5300.13
Revised September 2014

| Date 04/11/2024 | Name and Title of Bureau of Alcohol, Tobacco, Firearms and Explosives Official<br>Stephen B. Albro - Director of Industry Operations | Signature<br>STEPHEN ALBRO | Digitally signed by STEPHEN ALDRO<br>Date 3/04.04.11 14 17 :44 -0400 |

I certify that, on the date below, I served the above notice on the person identified below by:

☑ Certified mail to the address shown below.
Tracking Number: 7015 1520 0002 6995 5513

Or

☐ Delivering a copy of the notice to the address shown below.

| Date Notice Served 04/11/2024 | Title of Person Serving Notice<br>DIO | Signature of Person Serving Notice<br>STEPHEN ALBRO | Digitally signed by STEPHEN ALBRO<br>Date: 2024.04.11 14:18:02 -0400 |

Print Name and Title of Person Served
Janet Monterose

Signature of Person Served

Address Where Notice Served
5001-4 Main Street, Shallotte, NC 28459

Note: Previous Edition is Obsolete

ATF Form 5300.13
Revised September 2014

DocuSign Envelope ID: A7DCC336-8A2B-4706-884C-F361AA151B1C

## UNITED STATES DEPARTMENT OF JUSTICE
## BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES

| | | |
|---|---|---|
| In the Matter of Revocation of Federal Firearms License Under Chapter 44, Title 18, United States Code, As A Pawnbroker In Firearms<br><br>Licensee:<br>Pawn USA, Inc.<br>5001-4 Main Street<br>Shallotte, North Carolina 28459 | ) ) ) ) ) ) ) ) ) ) | **CHARLOTTE FIELD DIVISION**<br><br>**FINDINGS AND CONCLUSIONS** |

Pawn USA, Inc. (Licensee), 5001-4 Main Street, Shallotte, North Carolina 28459, a Type-02 Pawnbroker of Firearms Other Than Destructive Devices, holds Federal firearms license #1-56-38601 issued by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) pursuant to the Gun Control Act of 1968 (GCA), as amended, 18 U.S.C. Chapter 44, and the regulations issued thereunder, 27 C.F.R. Part 478.

On October 3, 2023, ATF issued a Notice to Revoke or Suspend License and/or Impose a Civil Fine, ATF Form 4500, to the Licensee via United States Postal Service certified mail. The Licensee timely requested a hearing to review the Notice. The hearing was scheduled for December 13, 2023, at the ATF Wilmington Field Office.

The hearing was conducted by ATF Director of Industry Operations (DIO) Stephen B. Albro, Charlotte Field Division. ATF was represented by Acting Division Counsel Cortney Randall. ATF Industry Operations Investigator (IOI) Jennifer Lopez appeared as a witness on behalf of the Government. The Licensee, represented by Responsible Persons Janet Monterose and Pete Jones, appeared at the hearing. The hearing was observed by IOI Jason Gaver, IOI David Jones, and IOI Brian Kenny. Charles Heye appeared as a witness for Licensee. The hearing was transcribed by the Government through a court reporter service. Both the Government and the Licensee had the opportunity to offer testimony and exhibits, to question any witnesses for the other side, and make legal and factual arguments. The Government offered testimony and exhibits. Licensee offered testimony.

### Findings of Fact

Having reviewed the record in this proceeding, I make the following findings:

1. The compliance inspection of the Licensee's business premises was conducted by Industry Operations Investigator Jennifer Lopez in January 2023.

1

2. Investigator Lopez testified that she reviewed Licensee's inspection history. Licensee received this license in 1993. Compliance inspections were conducted in 2006, 2008, and 2016. At each inspection, an IOI reviewed the federal firearm regulations with a Responsible Person for Licensee and answered any questions Licensee had about the regulations. Licensee signed an Acknowledgment of Federal Firearms Regulation at each inspection, confirming the regulations were reviewed. *See*, Government Exhibits 7, 12, and 15.

3. During the 2006 inspection, Licensee was cited for four (4) violations of the federal regulations. First, Licensee was cited for failing to timely, accurately and completely record the acquisition and disposition of firearms, in violation of 27 C.F.R. §478.125(e). Violation 2 cited Licensee for failing to ensure the ATF Form 4473 was accurately and completely executed, and violating numerous regulations, including 27 C.F.R. §478.21a, 27 C.F.R. §478.99, 27 C.F.R. §478.124(c)(1), 27 C.F.R. §478.124(c)(3)(i), 27 C.F.R. §478.124(c)(3)(iv), 27 C.F.R. §478.124(c)(4), and 27 C.F.R. §478.124(c)(5). Examples include forms missing the transferee's signature and certification date, firearm information missing, and transferor's name and signature missing. Next, Licensee was cited for failure to obtain a valid alternative permit in lieu of a NICS background check, in violation of 27 C.F.R. §478.102(d)(1)(ii). The final violation was for failing to separately file ATF Forms 4473 for transactions where the sale, delivery, or transfer did not take place, in violation of 27 C.F.R. §478.129(b). *See*, Government Exhibits 8 and 11.

4. As a result of the 2006 inspection, Licensee attended a warning conference to discuss the violations. *See*, Government Exhibit 9. Licensee presented a plan of corrective actions that it had put in place to prevent future violations. *See*, Government Exhibit 10. A follow up letter informed Licensee that repeat violations "could be viewed as willful, and may result in the revocation of [its] license." *See*, Government Exhibit 11.

5. The next compliance inspection occurred in 2008. During the inspection, Licensee was cited for failure to conduct a NICS background check or accept a valid NICS alternative permit, in violation of 27 C.F.R. §478.124(c)(3)(iv) and 27 C.F.R. §478.102(d)(1)(ii). *See*, Government Exhibit 13. Following the inspection, a warning letter was issued to Licensee. Licensee was reminded that its compliance with federal laws and regulations was critical to ATF's ability to protect the public and preventing criminals from accessing firearms, and that its retention of its license was conditioned upon compliance. *See*, Government Exhibit 14.

6. Another compliance inspection took place in 2016. Licensee was cited for six (6) violations of the federal firearms regulations. First, Licensee was cited for failing to timely, accurately and completely record the acquisition and disposition of firearms, in violation of 27 C.F.R. §478.125(e). Second, Licensee failed to ensure that the ATF Form 4473 was complete and accurate as required prior to transferring a firearm, in violation of 27 C.F.R. §478.21a. Next, Licensee transferred firearms to non-licensees without recording the date the Licensee contacted the National Instant Criminal Background Check System ("NICS"), any response provided by the system and/or any identification

2

number provided by the system on the ATF Form 4473, in violation of 27 C.F.R. §478.124(c)(3)(iv). Fourth, Licensee failed on multiple occasions to conduct a NICS background check or obtain a valid NICS alternative permit, in violation of 27 C.F.R. § 478.102(a). Two of those transfers were to law enforcement officers. Fifth, Licensee failed to date the ATF Form 4473, in violation of 27 C.F.R. § 478.124(c)(5). Finally, Licensee failed to properly record firearm information on the ATF Form 4473, in violation of 27 C.F.R. § 478.124(c)(4). Following the inspection, Licensee received a second warning letter. *See*, Government Exhibits 16 and 17.

7. As set forth in paragraph 1 of the Notice of Revocation, Licensee willfully failed on one (1) occasion to conduct a NICS background check or obtain a valid NICS alternative permit, in violation of 18 U.S.C. § 922(t) and 27 C.F.R. § 478.102(a). The Government introduced testimony and documents supporting the violation. *See*, Government Exhibits 1 and 18. Investigator Lopez further testified that Licensee had previously been cited for violating this regulation in a similar manner. In each instance, Licensee failed to conduct NICS background checks on individuals that identified themselves as law enforcement officers.

8. As set forth in paragraph 2 of the Notice of Revocation, Licensee failed on two (2) occasions to wait three business days to transfer a firearm to an unlicensed person when the NICS background check on the person could not immediately be accomplished, in willful violation of 18 U.S.C. § 922(t) and 27 C.F.R. § 478.102(a)(2)(ii). The Government introduced testimony and documents supporting the violation. *See*, Government Exhibits 1, 19A, and 19B.

9. As set forth in paragraph 3 of the Notice of Revocation, Licensee failed in three (3) instances to retain three (3) ATF Forms 4473 at the business premises readily accessible for inspection, in willful violation of 18 U.S.C. § 923(g)(3)(A) and 27 C.F.R. § 478.129(b). The Government introduced testimony and documents supporting the violation. *See*, Government Exhibits 1, 20A and 20B. Two of the forms were for attempted transfers that involved a NICS denial. One involved the form for an actual transfer that occurred.

10. As set forth in paragraph 4 of the Notice of Revocation, Licensee failed in three (3) instances to report the multiple sales or other dispositions of pistols or revolvers, in willful violation of 18 U.S.C. § 923(g)(3)(A) and 27 C.F.R. § 478.126a. The Government introduced testimony and documents supporting the violation. *See*, Government Exhibits 1, 21A, 21B, and 21C.

11. As set forth in paragraph 5 of the Notice of Revocation, Licensee failed in twenty-five (25) instances on twenty (20) ATF Forms 4473 to properly record firearm information (manufacturer, model, serial number type and caliber) on the ATF Form 4473, in willful violation of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.124(c)(4). The Government introduced testimony and documents supporting the violation. *See*, Government Exhibits 1, and 22A through 22T. Investigator Lopez testified that Licensee had previously been cited for violating this regulation in 2006 and 2016.

3

12. As set forth in paragraph 6 of the Notice of Revocation, Licensee failed in twenty-seven (27) instances to timely and/or accurately record the acquisition or disposition of firearms in its Acquisition and Disposition Record, in willful violation of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.125(e). The Government introduced testimony and documents supporting the violation. *See*, Government Exhibits 1 and 23A through 23T. Investigator Lopez testified that Licensee had previously been cited for violating this regulation in 2006 and 2016.

13. As set forth in paragraph 7 of the Notice of Revocation, Licensee transferred a firearm to a non-licensee without recording the date the Licensee contacted the National Instant Criminal Background Check System ("NICS"), any response provided by the system and/or any identification number provided by the system on the Firearms Transaction Record, ATF Form 4473, on eighteen (18) instances on ten (10) forms, in willful violation of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.124(c)(3)(iv). The Government introduced testimony and documents supporting the violation. *See*, Government Exhibits 1, and 24A through 24J. In some instances, Licensee would attach the NICS printout instead of writing the information onto the ATF Form 4473. Investigator Lopez also testified that Licensee had previously been cited for violating this regulation in 2006 and 2016.

14. As set forth in paragraph 8 of the Notice of Revocation, Licensee failed in ten (10) instances on eight (8) ATF Forms 4473 to sign and/or date the form, in willful violation of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.124(c)(5). The Government introduced testimony and documents supporting the violation. *See*, Government Exhibits 1A and 25A through 25H. Investigator Lopez testified that Licensee had previously been cited for violating this regulation in 2006 and 2016.

15. As set forth in paragraph 9 of the Notice of Revocation, Licensee failed in seven (7) instances to completely and/or accurately record identification information on seven (7) ATF Forms 4473, in willful violation of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.124(c)(3)(i). The Government introduced testimony and documents supporting the violation. *See*, Government Exhibits 1 and 26A through 26G. Investigator Lopez testified that Licensee had previously been cited for violating this regulation in 2006.

16. As set forth in paragraph 10 of the Notice of Revocation, Licensee failed in forty-six (46) instances on thirty-two (32) ATF Forms 4473 to ensure that the transferee correctly recorded the required information on the ATF Form 4473, in willful violation of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.124(c)(1). The Government introduced testimony and documents supporting the violation. *See*, Government Exhibits 1 and 27A through 27FF. Investigator Lopez testified that Licensee had previously been cited for violating this regulation in 2006.

17. As set forth in paragraph 11 of the Notice of Revocation, Licensee failed in twenty-three (23) instances on sixteen (16) ATF Forms 4473 to ensure that the ATF Form 4473 was complete and accurate as required prior to transferring a firearm, in willful violation of 18

4

U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.21(a). The Government introduced testimony and documents supporting the violation. *See,* Government Exhibit 1 and 28A through 28P. Investigator Lopez testified that Licensee had previously been cited for violating this regulation in 2006 and 2016.

18. As set forth in paragraph 12 of the Notice of Revocation, Licensee failed to retain each ATF Form 4473 in alphabetical (by name of purchaser), chronological (by date of disposition), or numerical (by transaction number) order, in willful violation of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.124(b). The Government introduced testimony supporting the violation. *See,* Government Exhibit 1. Furthermore, Licensee had previously been cited for violating this regulation in 2006.

19. During the hearing, Licensee stated that, following Investigator Lopez's inspection, the employees working at the store during the time of the inspection were no longer working for Licensee. Additionally, Licensee explained that they had had a series of untrustworthy employees, each of whom were fired.

## Conclusions of Law

Pursuant to the GCA, ATF may, after notice and opportunity for hearing, revoke a Federal firearms license if the licensee has willfully violated any provision of the GCA or the regulations issued thereunder. 18 U.S.C. § 923(e); 27 C.F.R. § 478.73. For purposes of 18 U.S.C. § 923, a "willful" violation occurs when the Licensee had knowledge of the GCA and either purposefully disregards the requirements or is plainly indifferent to them. *American Arms, Int'l v. Herbert,* 563 F.3d 78, 85 (4th Cir. 2009); *CEW Properties, Inc. v. United States DOJ,* 979 F.3d 1271,1279 (10th Cir. 2020); *Simpson v. AG United States,* 913 F.3d.110, 114 (3d Cir. 2019); *The General Store v. Van Loan,* 560 F.3d 920, 924 (9th Cir. 2009); *Armalite, Inc. v. Lambert,* 544 F.3d 644, 648 (6th Cir. 2008); *On Target Sporting Goods, Inc. v. Attorney General,* 472 F.3d 572 (8th Cir. 2007); *Article II Gun Shop, Inc. v. Gonzales,* 441 F.3d 492 (7th Cir. 2006); *Willingham Sports, Inc. v. BATF,* 415 F.3d 1274 (11th Cir. 2005). *See also, Bryan v. United States,* 524 U.S. 184, 197-198 (1998). In several instances, the courts have held that ATF may revoke an FFL based on a single willful GCA violation. *Fairmount Cash Mgmt., L.LC. v. James,* 858 F. 3d 356, 362 (5th Cir. 2017); *American Arms, Int'l v. Herbert,* 563 F.3d at 86; *DiMartino v. Buckles,* 129 F. Supp. 2d 824, 827 (D. Md. 2001). It is not necessary that a licensee act with "bad purpose or evil motive." *Article II Gun Shop, Inc. v. Gonzales,* 441 F.3d 492, 497-98 (7th Cir. 2006); *Prino v. Simon,* 606 F.2d 449, 451 (4th Cir. 1979) ("no showing of malicious intent is necessary" to show willfulness).

Licensee has operated as a federal firearms licensee since 1993. Prior to being inspected in 2023, Licensee had a qualification inspection and three compliance inspections. During those inspections, an Industry Operations Investigator reviewed the federal regulations with Licensee, as evidenced by the three (3) Acknowledgement of Federal Firearms Regulations forms, which were signed by a Responsible Person for Licensee. During those inspections, Licensee was offered an opportunity to ask questions or seek clarification on any regulation.

5

Licensee was cited for numerous violations in each of the prior compliance inspections. Licensee attended a warning conference following the 2006 inspection. At the warning conference, representatives of Licensee presented a plan it would implement to ensure compliance with the regulations, including instructions for employees on how to comply with the regulations and having two employees that verify the forms and A&D Record are filled out completely and accurately prior to the transfer of the firearm. Licensee was warned that future violations could be viewed as willful and result in the revocation of its license. Despite this warning, investigators discovered additional violations, including some repeat violations during inspections in 2008 and 2016. ATF sent Licensee letters after each inspection to explain the violations and warn that Licensee could face revocation for future violations.

The documents and testimony support the contention that the Licensee knew and understood the requirements that it must conduct NICS checks when required or accept a valid alternative permit, the requirements to timely and accurately record the acquisition and disposition of firearms in the A&D record, and to ensure that the ATF Form 4473 is fully and accurately completed by the transferee and Licensee in all instances. Furthermore, Licensee knew to wait three days to transfer a firearm when a NICS background check could not immediately be accomplished, retain and maintain ATF Forms 4473 in alphabetical, chronological or numerical order, and complete an ATF Form 3310.4 for the sale of two or more handguns.

On one occasion, Licensee transferred a firearm without conducting a NICS check or accepting a valid alternative permit. In that instance, Licensee accepted a law enforcement identification in lieu of conducting the NICS check. Licensee did so despite being cited in 2016 for not conducting NICS background checks on two law enforcement officers. Licensee also allowed the transfer of firearms to individuals without waiting the required three days when the NICS check could not immediately be accomplished.

Additionally, the government presented multiple documents showing violations of numerous regulations regarding the requirements to properly and accurately complete required sections of the ATF F 4473, and the Acquisition and Disposition Record. Licensee's prior inspection history demonstrates that Licensee was aware of his obligations to complete the required records completely and accurately. It had been warned repeatedly that failure to do so could jeopardize public safety and could result in the revocation of the license. Yet, Licensee continued to transfer firearms without the forms or A&D record being accurately completed.

For example, Licensee was cited for not recording the date the Licensee contacted the National Instant Criminal Background Check System ("NICS"), any response provided by the system and/or any identification number provided by the system on the ATF Form 4473 in both 2006 and 2016. Despite attending the warning conference and receiving the warning letter, Licensee continued to repeatedly leave the required information off the ATF Form 4473. Attaching a printout of the information is insufficient, as Licensee learned in 2016 when it was cited for engaging in the same practice.

In addition to disregarding the guidance provided during the prior inspections, Licensee ignored specific instructions on the ATF Form 4473. Licensee transferred firearms without completing

6

Sections A and C of the ATF Form 4473 despite the form stating that they must be completed prior to the transfers. Similarly, Licensee did not file the ATF Form 3310.4 for multiple sales even though there is an instruction to do so on the ATF F 4473.

During the hearing, Licensee did not dispute that it was aware of any of its obligations or contest the violations. Licensee stated that the individuals that conducted the transactions in violation of the regulations were no longer employed and that it would try to do better checking behind the people going forward. License had previously promised to take similar corrective actions but continued to make the same errors in its records.

A federal firearms licensee has a duty to be cognizant of the rules and regulations issued by ATF and to follow those mandates. Licensee, a veteran FFL dealer, knew and understood its responsibilities. Despite this knowledge, Licensee repeatedly operated in a manner that was in disregard of the clear instructions written on the ATF Form 4473 and the federal regulations with which it was responsible for complying. It was apparent that the Licensee disregarded guidance provided during the prior inspections and was plainly indifferent to the firearms laws and regulations. *See Simpson v. AG United States*, 913 F.3d 110, 114 (Court found that a licensee's receipt of training from IOIs and explicating acknowledging that he understood his obligations, along with attending a seminar and periodic compliance with the regulations, demonstrated plain indifference to the federal requirements.); *CEW Props v. United States DOJ*, 979 F.3d at 1279-1281 (veteran FFL who had been trained by ATF regarding compliance with GCA and periodically complied with GCA was plainly indifferent to these responsibilities when he violated the GCA).

I find that Licensee willfully violated 18 U.S.C. § 922(t) and 27 C.F.R. § 478.102(a) when it failed to conduct a NICS background check or obtain a valid NICS alternative permit prior to transferring firearms.

I find that Licensee willfully violated 18 U.S.C. § 922(t) and 27 C.F.R. § 478.102(a)(2)(ii) when it failed to wait three business days to transfer a firearm to an unlicensed person when the NICS background check on the person cannot immediately be accomplished.

I find that Licensee willfully violated 18 U.S.C. § 923(g)(3)(A) and 27 C.F.R. § 478.129(b) when it failed to retain ATF Forms 4473 at the business premises readily accessible for inspection.

I find that Licensee willfully violated 18 U.S.C. § 923(g)(3)(A) and 27 C.F.R. § 478.126a when it failed to timely and accurately report the sale or other disposition of two or more pistols and/or revolvers to a nonlicensee.

I find that Licensee willfully violated 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.124(c)(4) when it failed to properly record firearm description (manufacturer, model, serial number type and caliber) on an ATF Form 4473.

I find that Licensee willfully violated 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.125(e) when it failed to timely and/or accurately record the acquisition or disposition of firearms in its Acquisition and Disposition Record.

7

DocuSign Envelope ID: A7DCC336-8A2B-4706-884C-F361AA151B1C

I find that Licensee willfully failed 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.124(c)(3)(iv) when it transferred a firearm to a non-licensee without recording the date the Licensee contacted the National Instant Criminal Background Check System ("NICS"), any response provided by the system and/or any identification number provided by the system on the Firearms Transaction Record, ATF Form 4473.

I find that Licensee willfully violated 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.124(c)(5) when it failed to sign and/or date the ATF Forms 4473.

I find that Licensee willfully violated 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.124(c)(3)(i) when it failed to completely and/or accurately record identification information on ATF Forms 4473.

I find that Licensee willfully violated 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.124(c)(1) when it failed to ensure that the transferee correctly recorded the required information on the ATF Form 4473.

I find that Licensee willfully violated 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.21(a) when it failed to ensure that the ATF Forms 4473 was complete and accurate as required prior to transferring a firearm.

I find that Licensee willfully violated 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.124(b) when it failed to retain each ATF Form 4473 in alphabetical (by name of purchaser), chronological (by date of disposition), or numerical (by transaction number) order.

As such, I conclude that the Licensee willfully violated the provisions of the Gun Control Act, as amended, and the regulations issued thereunder. Accordingly, as provided by 18 U.S.C. § 923(e) and 27 C.F.R. § 478.73, the Federal firearms license held by Pawn USA, Inc. is hereby REVOKED.

8